COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
NATALIE PEELISH (*Appearance Pro Hac Vice*)
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101-1355
Telephone: +1 206 452 8700
Facsimile: +1 206 452 8800

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS FARRELL, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Case No. 3:26-cv-02953-VC

**DEFENDANT LINKEDIN'S RESPONSE TO MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL**

Date: June 25, 2026
Time: 10:00 a.m.
Dept: Courtroom 3 - 17th Floor
Judge: Honorable Vincent Chhabria

Date Action Filed: April 6, 2026

## I. RESPONSE TO PLAINTIFF FARRELL'S MOTION TO CONSOLIDATE

Defendant LinkedIn Corporation supports consolidation of *Farrell v. LinkedIn Corporation*, No. 3:26-cv-02953-VC, and *Ganan v. LinkedIn Corporation*, No. 3:26-cv-02968-VC, but only once the pleadings are set. LinkedIn moved to relate these actions, and the Court granted that motion. ECF 23. LinkedIn agrees that having these actions consolidated before this Court serves the interests of efficiency and judicial economy. This opposition goes only to the sequencing of consolidation: LinkedIn respectfully requests that the Court wait to consolidate the cases until *after* the pleadings have been settled.

Federal Rule of Civil Procedure 42(a) grants courts "broad discretion . . . to consolidate cases pending in the same district" where those actions involve "a common question of law or fact." *See Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citations omitted); Fed. R. Civ. P. 42(a). This discretion includes the authority to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Smith v. Monterey Mushrooms, LLC*, 2025 WL 2988647, at *1 (N.D. Cal. Oct. 23, 2025) (citation omitted).

Here, LinkedIn intends to move to dismiss each complaint in its entirety. An order of full consolidation now would require either in form or in practice the filing of a single consolidated amended complaint, causing unnecessary delay and stalling LinkedIn's ability to eliminate this frivolous pair of cases.

Moreover, consolidating the complaints now is premature when keeping the pleadings separate would streamline any future consolidated amended complaint by narrowing the issues through early briefing and increasing the likelihood that only viable causes of action and theories of the case, to the extent any exist, move forward. While these actions raise some overlapping

questions of law or fact, they contain distinct causes of action with distinct legal theories on behalf of distinct classes. *See* ECF 26, Mot. at 3-4 & n.1-2 (describing distinctions in causes of action and proposed class definitions). For example, Farrell uniquely alleges a violation of California's right to publicity law based on a (spurious) theory that LinkedIn creates "dossier[s]" on members for advertising and product solicitation, *see, e.g.*, ECF 1, Compl. ¶ 25, while Ganan pleads a distinct California class, a federal ECPA theory, and violations of CIPA sections 631 and 638.51, 3:26-cv-02968-VC at ECF 1, Compl. ¶ 10. Full consolidation now would obscure these distinctions and complicate, rather than simplify, the briefing process.

The Court can coordinate briefing on LinkedIn's anticipated motions to dismiss on a single schedule, heard on a single date, while ruling on each complaint's sufficiency on its own terms. To avoid burdening the Court with separate motions, LinkedIn is prepared to file a single omnibus motion to dismiss both complaints.[1]

Accordingly, LinkedIn respectfully requests that the Court permit consolidation of the *Farrell* and *Ganan* actions only *after* the pleadings are settled.

## II. Response to Plaintiff Farrell's Motion to Appoint Interim Counsel

Plaintiff Farrell also asks the Court to appoint Scott R. Drury of Drury Legal, LLC and Joshua D. Arisohn of Arisohn LLC as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3), which provides that a court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

LinkedIn takes no position on the qualifications of any counsel to represent a putative class. However, LinkedIn respectfully submits that the appointment of interim lead counsel is premature

---

[1] As stated in the parties' Joint Case Management Statement, ECF 30, LinkedIn respectfully requests 25 pages for a single omnibus motion to dismiss both complaints.

at this stage and should not be resolved before the Court determines what form of consolidation or coordination is appropriate.

Dated: June 4, 2026

COOLEY LLP

By: */s/ Eduardo Santacana*

Eduardo Santacana (281668)
(esantacana@cooley.com)
Simona Agnolucci (246943)
(sagnolucci@cooley.com)
3 Embarcadero Center, 20th Fl.
San Francisco, CA 94111-4004
Tel: (415) 693 2000

Natalie Peelish *(Appearance Pro Hac Vice*)
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101-1355

Attorneys for Defendant
LINKEDIN CORPORATION