**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

**KINGFISHER LAW APC**
Nithin Kumar
P.O. Box 492415
Los Angeles, CA 90049-9998
Telephone: (408) 930-3580
Email: nithin@kingfisherlawapc.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS FARRELL, individually and on behalf of all other persons similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>LINKEDIN CORPORATION,<br><br>               Defendant. | Case No.: 3:26-cv-02953-VC<br><br>**PLAINTIFF NICHOLAS FARRELL'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CLASS COUNSEL**<br><br>Date: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL
CASE NO. 3:26-CV-02953-VC

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.    THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL
      PURSUANT TO RULE 23(g) ......................................................................................... 2

    A.    Mr. Howell Has a Conflict of Interest, Thereby Necessitating Appointment of
            Interim Class Counsel ......................................................................................... 2

    B.    Counsel for Plaintiff Farrell Are the Most Qualified to Represent the Putative
            Class and the Most Knowledgeable About the Applicable Law ............................. 5

    C.    Counsel for Plaintiff Farrell Continue to Advocate on Behalf of Putative Class
            Members ............................................................................................................ 6

    D.    Working Together Is No Longer Feasible ............................................................. 7

II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED UNDER FED. R. CIV. P.
      42(a) ............................................................................................................................. 7

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Nat'l Air Traffic Controllers Ass'n. v. Dental Plans, Inc.*,
    2006 WL 584760, at *4 (N.D. Ga. Mar. 10, 2006) ........................................................................ 4

**Rules**

Cal. R. Prof. Conduct 1.5.1 .............................................................................................................. 6

Cal. R. Prof. Conduct 1.7 cmt. 1 ...................................................................................................... 4

Cal. R. Prof. Conduct 1.7(b)............................................................................................................ 4

Fed. R. Civ. P. 23(g)(1)(B)............................................................................................................... 1

**INTRODUCTION**

Plaintiff Ganan's opposition to the pending motion for consolidation and appointment of interim class account (*Ganan* ECF No. 25-1) demonstrates the need to consolidate and appoint interim class counsel now. As Plaintiff Ganan's counsel boasts, he not only represents Plaintiff Ganan and the putative classes pleaded in the *Ganan* action, but also Fairlinked, e.V. ("Fairlinked"), a trade association of more than 100 technology companies that develop software for LinkedIn systems. By attempting to serve two masters with conflicting interests, Plaintiff Ganan's counsel has fatally disqualified himself from representing any class in this case.

Fairlinked's interests are likely at odds with those of the putative class. Fairlinked is reportedly run by the owners of Teamfluence, an Estonian software company that has been embroiled in litigation with Defendant LinkedIn Corporation ("Defendant") over its ability to sell a Chrome browser extension that collects information from LinkedIn profiles. Fairlinked's interest is thus to preserve the ability of Teamfluence and its other members to sell their products. But that interest does not align with the broader privacy objectives of putative class members. The dual loyalties of Plaintiff Ganan's counsel, J.R. Howell, is a factor the Court should consider in whether he can fairly and adequately represent the interests of putative class members. *See* Fed. R. Civ. P. 23(g)(1)(B) (the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class").

The concerns about Mr. Howell's divided loyalties are not academic and cannot be put off until another day, as Mr. Howell would prefer. Class members are entitled to know that their counsel is loyal to them and advocating solely on their behalf. Allowing Mr. Howell to press forward in his conflicted role and brief a potentially dispositive motion jeopardizes class members' legal rights and demonstrates the immediate need for consolidation and the appointment of interim class counsel. Appointing Mr. Arisohn and Mr. Drury as interim class counsel at this juncture and consolidating the present action and the *Ganan* action avoids the taint created by Mr. Howell's conflict and allows this case to proceed in an efficient and orderly fashion. Importantly, Mr. Arisohn and Mr. Drury are more qualified and experienced than Mr. Howell with respect to actions of this nature, further underscoring the propriety of appointing them interim class counsel.

**ARGUMENT**

## I. THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL PURSUANT TO RULE 23(g).

### A. Mr. Howell Has a Conflict of Interest, Thereby Necessitating Appointment of Interim Class Counsel.

Throughout his opposition, Plaintiff Ganan asserts that appointment of interim class counsel is not necessary at this point. *See* Ganan Opp. (*Ganan* ECF No. 25-1) at 1, 5-7. Not so. Because Plaintiff Ganan's counsel has a conflict of interest, it is necessary to appoint non-conflicted interim class counsel to ensure loyalty to putative class members and untainted decision-making.

Defendant's scanning of browser extensions first came to light due to a report from Fairlinked under the campaign name "BrowserGate." Compl. (ECF No. 1) ¶ 12. While Fairlinked's work uncovering this activity, which has now been corroborated, served an important public service, Fairlinked is neither a party to this action nor a putative class member in this case or in *Ganan*. Troublingly, however, Plaintiff Ganan's opposition reveals that his counsel also represents Fairlinked, an industry trade group whose members "develop software for LinkedIn systems" and, therefore, have in interest in the continued ability for their software to be used in connection with LinkedIn. *See* Ganan Opp. (*Ganan* ECF No. 25-1) at 8.

According to an article in *Ars Technica*, "Fairlinked appears to be run by the same people behind Teamfluence, an Estonian software company that sued LinkedIn in Munich in January." Supplemental Declaration of Joshua D. Arisohn ("Supp. Arisohn Decl."), Ex. A (4/8/2026 *Ars Technica* article). The article discusses Defendant's effort to bar Teamfluence's software from being used in connection with LinkedIn, and Teamfluence's efforts to enjoin Defendant from doing so:

> LinkedIn says the allegations stem from its dispute with Teamfluence, which sells what it calls a LinkedIn "radar" that automatically collects information about interactions on the LinkedIn website. Teamfluence offers a Chrome extension.

*   *   *

LinkedIn lawyer Sarah Wright, a company vice president, wrote

yesterday that "Teamfluence was distributing a browser extension that scraped member data from LinkedIn without our members' knowledge or consent," in violation of LinkedIn's user agreement. "In retaliation for their accounts being suspended, in January the creator of Teamfluence sought an injunction against LinkedIn in Germany, demanding that their accounts be restored and claiming that LinkedIn's enforcement of its User Agreement violated various EU laws."

Wright states that "the court thoroughly rejected Teamfluence's claims, reaffirming LinkedIn's ability to act swiftly and decisively against bad actors who access member data inappropriately. The judge not only ruled in our favor, but also found Teamfluence itself is violating data protection laws, and LinkedIn is entitled to protect our members."

*    *    *

"Unfortunately, this is a case of an individual who lost in the court of law, but is seeking to re-litigate in the court of public opinion without regard for accuracy," LinkedIn said.

*Id.*

Based on the above, Fairlinked and its members are primarily interested in ensuring that their software can be used in connection with LinkedIn. Indeed, in a press statement, a Fairlinked board member conceded that Fairlinked's interest is obtaining returns on investments:

LinkedIn's members are people and businesses who love the platform and invest heavily into it. We are here to hold Microsoft accountable and make LinkedIn accessible, so that users are protected from abuse and the millions of businesses and individuals who invest daily into the platform get their return on investment[.]

*Ganan* ECF No. 25-3 (*US Class Action Suit Over BrowserGate* (Apr. 7, 2026) (hereinafter the "Fairlinked Press Release")) at 6.

Fairlinked's admitted interest does not align with the interests of putative class members who seek compensation for Defendant's violations of their privacy rights and injunctive relief that will prevent future privacy violations. Whether a group of private companies can continue to operate software on LinkedIn and earn returns on their investments is of no concern to putative class members.

In contrast, the interests of Fairlinked members must be of the utmost concern to Plaintiff

Ganan's counsel, as he owes a duty of loyalty to them. *See* Cal. R. Prof. Conduct 1.7 cmt. 1 ("Loyalty and independent judgment are essential elements in the lawyer's relationship to a client."). As Mr. Howell boasts, he "**serves as American counsel for Fairlinked**." Ganan Opp. (*Ganan* ECF No. 25-1) at 8 (emphasis added). Fairlinked has similarly acknowledged that it "is coordinating with the Law Office of J.R. Howell on the US class action." *Ganan* ECF No. 25-3 (Fairlinked Press Release) at 6.

Thus, while the *Ganan* action is nominally brought on behalf of a LinkedIn user and a class of similarly situated consumers, in actuality, Howell is improperly serving two masters with unaligned interests. Howell's representation of both Fairlinked and the putative class at minimum opens the door to myriad potential conflicts. For instance, if Defendant is eventually willing to settle this case for a fair monetary value and injunctive relief—but refuses to reinstate Teamfluence's accounts, permit Teamfluence's Chrome extension to operate on the site or allow Fairlinked members to obtain a return on their investments—Howell will be unable to serve the interests of both of his clients. In short, at that point, recommending a settlement would be in the best interests of the class, but not Fairlinked. Conversely, counsel for Plaintiff Ganan could agree to a settlement with Defendant that favors his client Fairlinked at the expense of the class. While such a settlement would still be scrutinized by the Court, and require the Court's approval, appointment of interim class counsel would avoid that situation altogether.

Indeed, appointment of non-conflicted interim class counsel is necessary to preclude putative class members from being represented by a lawyer laboring under a conflict of interest. *C.f. Nat'l Air Traffic Controllers Ass'n. v. Dental Plans, Inc.*, 2006 WL 584760, at *4 (N.D. Ga. Mar. 10, 2006) (denying motion to appoint as class counsel attorneys who also represented a group with conflicting interests); Cal. R. Prof. Conduct 1.7(b) ("A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or by the lawyer's own interests.") A different conclusion will infect this proceeding with the

continuous and material question as to whether every decision made by Plaintiff Ganan's counsel is intended to serve the best interests of putative class members.

Howell cannot serve two masters, especially when they are likely to have opposing interests. Because this conflict is already ripe, the Court should consolidate and appoint interim class counsel as soon as possible. That is the best way to protect the interests of the class.

**B. Counsel for Plaintiff Farrell Are the Most Qualified to Represent the Putative Class and the Most Knowledgeable About the Applicable Law.**

Even setting Howell's conflict aside, the Court should appoint counsel for Plaintiff Farrell as interim class counsel because they have demonstrated they are more qualified to represent putative class members. As set out in Plaintiff Farrell's opening brief, his counsel have extensive experience prosecuting and settling class actions, particularly those involving data privacy issues, and have been appointed class counsel and interim class counsel numerous times. *See* ECF Nos. 26 at CM/ECF 11-12; 26-1 (Drury Decl.), 26-3 (Arisohn Decl.).

In stark contrast to the unrebutted qualifications and experience of Plaintiff Farrell's counsel, Howell can only point to two cases in which he has served as class counsel. Howell Decl. (*Ganan* ECF No. 25-2) ¶¶ 34-35. The first, *Masalcas v. Guardian Arms LP*, Case No. BC571867 (L.A. Cnty. Sup. Ct.), was filed ten years ago. The other, *Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740 (LGS) (S.D.N.Y. Aug. 23, 2023), was a Fair Labor Standards Act action.[1] The experience of counsel is a critical factor in determining who should represent members of a putative class. Here, it is plain that counsel for Farrell are far more experienced and thus best positioned to run this litigation on behalf of all those potentially impacted.

Based on their collective experience, Plaintiff Farrell's counsel filed a complaint asserting claims based on pre-discovery facts and the law. While Plaintiff Ganan criticizes Farrell's counsel for not asserting more claims—namely, claims under the Electronic Communications Privacy Act and the California Invasion of Privacy Act (Ganan Opp. (*Ganan* Dkt. 25-1) at 11)—the criticism

---

[1] Notably, Howell also appears to practice law only part time. *See* IMDB, *J.R. Howell*, available at: https://www.imdb.com/name/nm5216790/ (listing credits for producing, directing, acting, writing and describing him as a "human rights lawyer, documentary filmmaker, and emotional authority").

overlooks the vast experience Farrell's counsel has with those types of claims. Indeed, the restraint shown by Farrell's counsel reflects their experience in the field and the recognition that the mere assertion of more claims does not correlate to a better complaint.

Plaintiff Ganan also attacks Plaintiff Farrell's counsel for only pleading a nationwide class. Ganan Opp. (*Ganan* ECF No. 25-1) at 9. Ganan ignores that his California subclass is included within Farrell's alleged class. Moreover, as Ganan repeatedly asserts, it appears that California law applies to all class members, thereby rendering the claimed need for a California subclass moot. *See id.* To the extent it turns out that a separately defined class for California residents is needed, Plaintiff Farrell is a California resident (*see* Compl. (ECF No. 1 ¶ 5) and can move for certification of all appropriate classes at the appropriate time.

Plaintiff Ganan also attacks Plaintiff Farrell's counsel for proactively reaching out to Ganan's counsel in an effort to self-organize and avoid this type of motion practice. *See* Ganan Opp. (*Ganan* ECF No. 25-1) at 10-12. In connection with that effort, and at the request of Ganan's counsel, Farrell's counsel prepared a proposed joint prosecution agreement. Supp. Arisohn Decl. ¶¶ 5-6. During a subsequent discussion between Ganan's counsel and Farrell's counsel, Ganan's counsel stated that he was not currently interested in jointly working on these matters and made no counterproposal. *Id.* When Ganan's counsel asked where that left things, Farrell's counsel candidly stated that Plaintiff Farrell would likely file the present motion.[2] *Id.*

### C.   Counsel for Plaintiff Farrell Continue to Advocate on Behalf of Putative Class Members.

Notably, since this case and *Ganan* have been filed, counsel for Farrell have done considerably more work to move this litigation forward and advance the interests of putative class members. On June 9, 2026, Plaintiff Farrell and Defendant exchanged initial disclosures. That same day, Plaintiff Farrell served Defendant with an initial round of interrogatories and requests

---

[2] Plaintiff Ganan notes that the proposed agreement did not contain a provision related to informing clients of any agreed-upon fee allocation. Ganan Opp. (*Ganan* ECF No. 25-1) at 11. Ganan points to no requirement that the agreement contain such a provision. Plaintiff Farrell's counsel are aware of their obligations under the Rules of Professional Conduct related to fee-sharing agreements. *See* Cal. R. Prof. Conduct 1.5.1.

for production, which includes class-related discovery. Counsel for Plaintiff Ganan, meanwhile, stated in his Joint Case Management Statement that he has agreed to stay discovery in this matter until after the pleadings are settled. *Ganan* Joint Case Management Statement (*Ganan* ECF No. 24) at 9.

### D.    Working Together Is No Longer Feasible.

Plaintiff Ganan argues that if the Court decides to appoint interim class counsel, Howell should be included in the leadership structure. Ganan Opp. (*Ganan* ECF No. 25-1) at 12. As set out above, however, Howell's conflict of interest makes that untenable. It is axiomatic that an attorney beholden to some other client or who puts his interests ahead of those of class members cannot adequately represent the class, even if paired with non-conflicted counsel.

In addition, Howell has demonstrated that working together cooperatively is not feasible. For instance, while counsel for various plaintiff groups in a class action are generally encouraged to self-organize, Howell has refused to do so. He would not (and will not) agree, for instance, to coordinate the filing of a single joint complaint. Likewise, when counsel for Farrell sent Howell a proposed joint prosecution agreement with a suggested percentage split of responsibility for the case, and invited a counter proposal, Howell refused to engage altogether. Previously, Howell also refused to disclose the nature of his relationship with Fairlinked when directly asked by Plaintiff Farrell's counsel. Supp. Arisohn Decl. ¶ 5. In other words, Howell has demonstrated that he is unwilling to work cooperatively with other counsel in this matter. And, had counsel for Farrell previously known about Howell's conflict of interest, they would not have pursued a joint prosecution agreement at all. Accordingly, any joint appointment of lead counsel in this case would likely prove unworkable.[3]

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED UNDER FED. R. CIV. P. 42(a).

In its response, Defendant writes that it "supports consolidation . . . but only once the pleadings are set."  Def. Resp. (ECF No. 31) at 1. Plaintiff Ganan opposes consolidation but

---

[3] Counsel for Plaintiff Farrell can foresee the potential need to work with Howell in his capacity as counsel for Fairlinked and would do so as appropriate to benefit putative class members.

likewise argues that it may be more appropriate after "[e]arly motion practice . . . ." Ganan Opp. (*Ganan* ECF No. 25-1) at 5. Neither adequately explains why consolidation makes more sense later as opposed to now.

As discussed above, consolidation is necessary at this time to prevent Plaintiff Ganan's conflicted counsel from filing substantive briefs. It would be improper and detrimental for an attorney with divided loyalties to file anything on behalf of putative class members. At minimum, questions will always exist about whether the attorney's arguments were somehow compromised by the attorney's divided loyalties. Ordering the preparation of a consolidated complaint, with briefing on any motion to dismiss to be performed by appointed interim class counsel, resolves the issue.

In light of the above, Defendant's contention that a consolidated complaint would result in delay (Def. Resp. (ECF No. 31) at 1) lacks merit. Combining two largely similar complaints should take minimal time. And Defendant should be able to move to dismiss promptly thereafter as none of the core allegations are likely to change. Any delay would thus be *de minimis*.

Further, under the circumstances, Defendant's stated desire to brief its motion to dismiss based on separate complaints in order to narrow the issues is entitled to no weight. *Id.* at 1-2. Defendant's preference does not outweigh the right of putative class members to be represented by non-conflicted counsel.

Defendant's proposal to submit a single omnibus motion to dismiss both actions makes little sense, especially in light of the conflict issue. Regardless, because there are some differences in factual allegations and legal claims between the two complaints, it will only confuse things if the two cases were to be briefed together. The parties, and the Court, will constantly have to keep track of which allegation and which claim are being made in which case. A consolidated complaint will avoid any such confusion.

To the extent Plaintiff Ganan's arguments against consolidation are relevant, they lack merit. Ganan argues consolidation at this stage is not appropriate because the two complaints contain different claims and classes. Ganan Opp. *(Ganan* ECF No. 25-1) at 3. If anything, a

consolidated complaint will streamline these related matters, creating a single consistent set of factual allegations and legal claims, taking the best parts of each pleading. Some claims could also be discarded entirely in a consolidated complaint, meaning that their viability would not have to be briefed at all in a motion to dismiss. That would not only simplify the issues before the Court but would also permit Plaintiffs and the putative class to put their best foot forward with one voice.[4]

At the end of the day, consolidation is a matter of discretion for the Court. For the reasons set out herein and in Plaintiff Farrell's opening papers, one complaint makes more sense than two, but the Court is obviously entitled to organize its docket however it sees fit. The real concern, however, is Howell's conflict of interest. Because he cannot adequately represent both Fairlinked and members of the putative class, consolidation and appointment of interim class counsel should be addressed as soon as possible.

## CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiff Farrell respectfully requests that the Court appoint Joshua D. Arisohn and Scott R. Drury as interim class counsel and consolidate the *Farrell* and *Ganan* actions.

Dated: June 11, 2026

**DRURY LEGAL, LLC**

By: _/s/ Scott R. Drury_
      Scott R. Drury

Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759

---

[4] Nor would consolidation prejudice members of any class or subclass. As discussed above, *Ganan's* California subclass is included within *Farrell's* alleged nationwide class, and it appears that California law applies to all class members. Should a California subclass need to be alleged at a later date, that can be done.

Telephone: (646) 837-7150
Email: josh@arisohnllc.com

**KINGFISHER LAW APC**
Nithin Kumar
P.O. Box 492415
Los Angeles, CA 90049-9998
Telephone: (408) 930-3580
Email: nithin@kingfisherlawapc.com

*Attorneys for Plaintiff*

REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL    10
CASE NO. 3:26-CV-02953-VC