Pages 1 - 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| NICHOLAS FARRELL, Plaintiff, | ) |
| VS. | ) NO. 3:26-cv-02953-VC |
| LINKEDIN CORPORATION, Defendant. | ) |

San Francisco, California
Thursday, June 25, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

DRURY LEGAL, LLC
6 Carriage Lane
Highwood, IL 60040
BY: **SCOTT R. DRURY, ATTORNEY AT LAW**

For Defendant:

COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
BY: **SIMONA A. AGNOLUCCI, ATTORNEY AT LAW**
**EDUARDO E. SANTACANA, ATTORNEY AT LAW**

COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
BY: **NATALIE L. PEELISH, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON THE NEXT PAGE.)

REPORTED REMOTELY BY: Kendra A. Steppler, RPR, CRR
Official United States Reporter

**APPEARANCES:** **(Continued)**

Also Present for Jeff Ganan:

LAW OFFICE OF J.R. HOWELL
2219 Main Street, Suite 436
Santa Monica, CA 90405
**BY: J.R. HOWELL, ATTORNEY AT LAW**

Thursday - June 25, 2026 10:05 a.m.

P R O C E E D I N G S

---o0o---

**THE COURTROOM DEPUTY:** All rise. The Court is now in session, the Honorable Vince Chhabria presiding.

Please be seated.

**THE COURTROOM DEPUTY:** Now calling Civil Case 26-2953, Farrell v. LinkedIn Corporation.

Will counsel please come forward and state your appearances for the record, starting with the plaintiff.

**MR. DRURY:** Morning, Your Honor. Scott Drury on behalf of plaintiff Nicholas Farrell.

**THE COURT:** Morning.

**MR. HOWELL:** Your Honor, I should introduce myself. I'm plaintiff's counsel for Jeffrey Ganan. We're in an unusual posture with a consolidated docket. So...

**THE COURT:** Go ahead. Introduce yourself.

**MR. HOWELL:** I'm J.R. Howell for plaintiff Jeff Ganan.

**THE COURT:** Hi.

**MS. AGNOLUCCI:** Good morning, Your Honor. Simona Agnolucci of Cooley for LinkedIn.

**THE COURT:** Good morning.

**MR. SANTACANA:** Good morning, Your Honor. Eduardo Santacana of Cooley also for LinkedIn.

**THE COURT:** Hi.

**MS. PEELISH:** Good morning, Your Honor. Natalie Peelish, also of Cooley, for LinkedIn.

**THE COURT:** Hi.

All right. Give me one second to pull this up.

All right. So let me hear from LinkedIn first. So your position, just to make sure I'm clear, is that the cases should be consolidated, but not before -- but you want to do -- you want to file motions to dismiss -- or maybe you already have filed motions to dismiss in both cases. And you want me to rule on those. And then -- and only after that should I consolidate the cases, if there's anything left over.

**MS. PEELISH:** Exactly, Your Honor. So our motions to dismiss in both cases are due on Tuesday, June 30th.

**THE COURT:** Okay.

**MS. PEELISH:** So several days from now. We proposed filing a single omnibus motion to dismiss to both complaints separately. We would request 25 pages for the single motion. And that would streamline proceedings. We don't think this case has any merit. We think the allegations are false. And so we think it makes the most sense to go ahead, deal with the pleadings now, and only if this case or any part thereof were to continue, to deal with consolidation at that point.

**THE COURT:** I guess, the -- what if I were to -- I -- I haven't read the complaints. I haven't -- you know --

**MS. PEELISH:** Of course.

**THE COURT:** -- I haven't developed any opinion of the case yet. But if I were to -- what if I were to rule, in response to your motion to dismiss, that some of the claims can go forward, others are dismissed with prejudice, others are dismissed with leave to amend? At that point, would it make sense to consolidate the cases?

**MS. PEELISH:** Yes, Your Honor, exactly.

**THE COURT:** All right. And then, I guess, a benefit of that is -- there may be other benefits -- but one benefit, from my perspective, is I might be able to conduct a better assessment, at that point, of who is better equipped to serve as lead plaintiff's counsel in the case if the case goes forward.

**MS. PEELISH:** I think that could certainly be a benefit, Your Honor.

**THE COURT:** Okay. All right.

Why shouldn't I do that? That seems like a pretty sensible approach.

**MR. DRURY:** Your Honor, there's a -- various reasons that we believe that the approach that we proposed in our motion is the best -- is the better way forward.

First off, as we stated in our reply brief, we believe that counsel for plaintiff Ganan has a conflict. And there's a serious risk that if the case is to go forward, and he's briefing claims on behalf of the class when he's --

**THE COURT:** But, I mean, I can consider your argument about the conflict in connection with the motion to consolidate and the motion to appoint lead plaintiff and lead counsel after I adjudicate the motions to dismiss; right?

**MR. DRURY:** Your Honor can always do that. And obviously Your Honor has the discretion to choose the best path forward. Our concern is that, at this point, there's two complaints that have overlapping classes, overlapping claims based on overlapping facts. And once there's briefing on that, besides Your Honor having to look at two separate responses to these motions to dismiss for largely the same claims -- there are some different ones -- the -- Mr. Ganan's counsel is going to be taking positions on behalf of the same putative class members that we're seeking to represent, Your Honor.

And it's our position that that's not proper with respect to the class, because he's operating under a conflict, where he has two masters, which he's disclosed in his response brief. So we believe the better approach --

**THE COURT:** I will tell you that my initial reaction to your argument about him having two masters was pretty skeptical.

**MR. DRURY:** Okay.

**THE COURT:** But I think what -- I think what we should do is adopt the approach suggested by LinkedIn's counsel.

And so, Ms. Peelish, you were saying that you wanted to

file a 25-page motion to dismiss both cases. I mean, that seems fine.

But how would you all deal with it? It doesn't seem like you're necessarily working together very well. So would you want to be filing separate opposition briefs?

**MR. DRURY:** At this point, Your Honor, that would be our position. Certainly, we can talk with Mr. Howell to see if we can work things out. That was our initial approach trying to organize -- self-organize. But, at this point, based on what I know, I think we'd want to file a separate response brief, Your Honor.

**THE COURT:** Okay. Then what I'm going to do is say that each of you have 20 pages in your opposition briefs. And then LinkedIn can file a consolidated reply brief also of 20 pages.

**MS. PEELISH:** Thank you.

**THE COURT:** And should we go ahead and schedule the hearing on that now, since we're here?

**MS. PEELISH:** That's great. We just conferred with counsel for Ganan. We were about to confer with counsel for Mr. Farrell. But we would propose September 3rd at 10:00 a.m.

**THE COURT:** So when did you say your motion is due?

**MS. PEELISH:** June 30th.

**THE COURT:** Your motion is due June 30th.

Okay. That sounds fine. Hearing on June -- sorry -- on

August -- on September -- September 3rd --

**MR. DRURY:** Would that be at 10:00 a.m?

**THE COURT:** -- here. And obviously I'll -- if I can just -- if I feel I can decide it on the papers, I will. But plan on having a hearing here at 10:00 a.m. on September 3rd.

**MR. DRURY:** Thank you, Your Honor.

**THE COURT:** Okay.

**MS. PEELISH:** Thank you, Your Honor.

**THE COURT:** Thanks. And I'll just keep the motion to consolidate open, and I'll decide it probably that same -- at the same time that I decide the motion to dismiss.

**MS. PEELISH:** Your Honor, there is one other issue we might want to discuss --

**THE COURT:** Yeah.

**MS. PEELISH:** -- that we raised in the case management statements, and that's the issue of discovery proceedings. So given the earlier case schedule, we did hold our Rule 26(f) conference --

**THE COURT:** Oh, yeah.

**MS. PEELISH:** -- with both plaintiffs. LinkedIn's position is that, under this Court's standard, discovery should be stayed pending resolution of the motion to dismiss.

Now, we have exchanged initial disclosures with Plaintiff Farrell, as they oppose the stay. Plaintiff Ganan does not oppose the stay. But given that we are moving to dismiss on

all counts and seeking dismissal with prejudice, and given that discovery is not necessary to resolving the motion, we think it's just most efficient to delay that.

**THE COURT:** Well, why don't you -- since you've exchanged initial disclosures with one party already -- one plaintiff already -- why don't you provide those initial disclosures to the other, as well?

**MS. PEELISH:** We did, Your Honor.

**THE COURT:** Oh, you did.

**MS. PEELISH:** Yes.

**THE COURT:** Okay. Yeah. But, beyond that, that's fine that discovery will be stayed until September 3rd.

**MS. PEELISH:** Wonderful. Thank you, Your Honor.

**MR. DRURY:** Your Honor, one thing. We had already issued discovery to the defendant. We understand that based on your order just there, that they wouldn't have to respond.

It's our understanding that they're going to be filing an Article III motion, 12(b)(1) motion. And in their joint case management statement, I believe they indicated that there may be some -- some discovery may be needed on that. And certainly -- I don't know what their motion is going to be, because we haven't seen it yet. And would it be Your Honor's preference to come back before you to see if there should be jurisdictional discovery at that point? Or would we be allowed to enter into --

**THE COURT:** Sure. I mean, we can talk -- we can chat about it now. And if we can't figure it out now, you can always -- you can put -- at any time, you can put yourself on our case management calendar to talk about it.

But what -- is the idea that it would be a facial standing challenge or a factual standing challenge?

**MS. PEELISH:** We would be doing both, Your Honor.

**THE COURT:** Okay. So --

**MS. PEELISH:** And we don't -- oh, apologies.

**THE COURT:** No, go ahead.

**MS. PEELISH:** We don't think discovery is necessary to resolve that. But after Your Honor sees our motion, after plaintiffs see it, if they think it's necessary, we'll discuss it then.

**THE COURT:** Yeah. And you can just put yourselves on calendar to discuss it with me, if you need to.

**MR. DRURY:** Very well, Your Honor. Thank you.

**THE COURT:** Okay. Thank you.

(Proceedings adjourned at 10:14 a.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, June 25, 2026

Kendra Steppler

Kendra A. Steppler, RPR, CRR

Official Reporter, U.S. District Court