COOLEY LLP
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

COOLEY LLP
NATALIE PEELISH *(Appearance Pro Hac Vice)*
(npeelish@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101-1355
Telephone: +1 206 452 8700
Facsimile: +1 206 452 8800

Attorneys for Defendant
LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS FARRELL, individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

JEFF GANAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Related Cases:
3:26-cv-02953-VC
3:26-cv-02968-VC

**LINKEDIN CORPORATION'S REQUEST FOR INCORPORATION BY REFERENCE AND/OR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Date: September 3, 2026
Time: 10:00 a.m.
Location: 17th Floor, Courtroom 3
Judge: Honorable Vincent Chhabria
Trial Date: Not Yet Set

Date Action Filed: April 6, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence Rule 201 and applicable case law, Defendant LinkedIn Corporation hereby respectfully requests that the Court consider Exhibits 1 through 9 under the doctrines of incorporation by reference and/or judicial notice, as appropriate, in support of LinkedIn's concurrently filed Motion to Dismiss.

These exhibits are:

- Exhibit 1: *BrowserGate website*, FairLinked, available at https://browsergate.eu/.
- Exhibit 2: *User Agreement*, LinkedIn, available at https://www.linkedin.com/legal/user-agreement.
- Exhibit 3: *Privacy Policy*, LinkedIn, available at https://www.linkedin.com/legal/privacy-policy.
- Exhibit 4: *Cookie Policy*, LinkedIn, available at https://www.linkedin.com/legal/cookie-policy.
- Exhibit 5: *Your Team's LinkedIn Is Your Team's Sales Pipeline*, Teamfluence, available at https://teamfluence.com/.
- Exhibit 6: *Fairlinked*, Fairlinked, available at https://www.fairlinked.eu/.
- Exhibit 7: *PordaAI*, Chrome Web Store, available at https://chromewebstore.google.com/detail/pordaai-blur-haram-in-ima/ofhlminijomemliahkjjbgcbfoimjiaj?hl=en.
- Exhibit 8: *Anti-woke*, Chrome Web Store, available at https://chromewebstore.google.com/detail/anti-woke/lmilkgfpcjmmcbnenlpjknhleffaeoci?hl=en-US.
- Exhibit 9: Certified translation of the preliminary March 11, 2026 Judgment of the Regional Court of Munich I (37 O 104/26), appeal pending, in the proceedings between Teamfluence OU and Liebling (Plaintiffs) and LinkedIn Ireland Unlimited Company and LinkedIn Germany GmbH (Respondents).

## MEMORANDUM OF POINTS AND AUTHORITIES

LinkedIn respectfully requests that the Court consider Exhibits 1 through 9, as set forth in the Declaration of Natalie Peelish submitted herewith, in support of LinkedIn's concurrently filed Motion to Dismiss. These exhibits, which include the BrowserGate website, LinkedIn's own user agreement and policies, and a foreign court decision, are not subject to reasonable dispute and are each subject to the doctrine of incorporation by reference and/or judicial notice.

### I. LEGAL STANDARD

A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (examining web pages attached to a defendant's motion to dismiss even where the complaint did not allege or describe the contents of those webpages).

Additionally, on a motion to dismiss, courts can consider materials beyond the four corners of the complaint when they are "matters of judicial notice." *Ritchie*, 342 F.3d at 908. Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off. and Print Servs., Inc.*, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). Documents that "appear on publicly available websites . . . are thus proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting Google's request for judicial notice in the context of a motion to dismiss); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites). Both domestic and foreign court records and public records are subject to judicial notice.

In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into

the complaint by reference." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

## II. ARGUMENT

### A. Incorporation by Reference (Exhibits 1-4)

In deciding LinkedIn's Motion to Dismiss, the Court may consider the materials in Exhibits 1–4 because both the Farrell Complaint, *Farrell v. LinkedIn Corporation*, No. 3:26-cv-02953-VC, ECF 1, and the Ganan Complaint, *Ganan v. LinkedIn Corporation*, No. 3:26-cv-02968-VC, ECF 1, incorporate them by reference. Where important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Id.*

*Exhibit 1: BrowserGate investigation website*. Both complaints rely heavily on the BrowserGate investigation website. The Farrell Complaint extensively cites to BrowserGate, *see, e.g.*, ¶¶ 12–22; the Ganan Complaint also mirrors BrowserGate to form the basis of his allegations, and his counsel has acknowledged that he is working with BrowserGate's publisher FairLinkedIn in litigating this case. Ganan Opp. re Mot. to Consolidate, No. 3:26-cv-2968-VC, ECF 25, at 7–8. Under these circumstances, the complaints incorporate by reference the BrowserGate website.

*Exhibits 2–4: LinkedIn User Agreement, Privacy Policy, and Cookies Policy.* There is no question that Plaintiffs have referenced and relied on Exhibits 2–4 in their complaints. For example, both Plaintiffs allege that they did not consent to LinkedIn's conduct. *See, e.g.*, Farrell Compl. ¶ 19 ("Notably, Defendant 'has not disclosed this practice in its Privacy Policy. There is no mention of extension scanning in any public-facing document.'") (quoting BrowserGate, Executive Summary, https://browsergate.eu/executive-summary/), *id.* ¶¶ 3, 11, 24; Ganan Compl. ¶ 121 ("Whatever generalized disclosure LinkedIn may contend it provided, and whatever generalized consent LinkedIn may contend it obtained through privacy policies, cookie materials,

terms of service, help pages, or ordinary use of the site, a reasonable user would not have understood those generalized statements to authorize the challenged conduct alleged herein."), *id.* ¶¶ 18–19, 123–24. LinkedIn's User Agreement, Privacy Policy, and Cookies Policy are the precise documents that allegedly omit material facts upon which Plaintiff's claims are based. As explained in the corresponding motion to dismiss, these policies clearly disclose LinkedIn's access to browser-related data. They are therefore "integral" to Plaintiff's case and are incorporated by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Birdsong v. AT&T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) ("[U]nder the doctrine of incorporation by reference, courts may consider extrinsic documents if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute.").

Accordingly, the complaints incorporate these documents by reference, and the Court may consider them in deciding LinkedIn's Motion to Dismiss.

**B. Judicial Notice of Publicly Accessibly Webpages (Exhibits 2-8)**

The Court may consider Exhibits 2–8 for the additional reason that they are judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). As publicly available webpages, these exhibits are proper subjects of judicial notice. *See Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit"); *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice.").

Exhibits 2–4 consist of LinkedIn's publicly available User Agreement, Privacy Policy, and Cookies Policy, respectively. Courts in this District regularly take judicial notice of privacy policies and terms of service in privacy-related litigation. *See, e.g., Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (same for Twitter's terms of service and rules); *see also Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal.

Apr. 2, 2025) (granting defendants' request to introduce copies of the relevant webpages to the court to provide a "complete picture of the user's journey, what the user consents to, and the policies they are provided and agree to").

Likewise, Exhibits 5–8 are judicially noticeable as publicly available webpages and are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). These documents consist of webpages including for the Estonian software company Teamfluence (Ex. 5), the EU advocacy group Fairlinked (Ex. 6), and the Chrome browser extension webpages for two of the browser extensions referenced in the Farrell Complaint and Browsergate Report–PordaAI (Ex. 7) and Anti-woke tag (Ex. 8). *See* Farrell Compl. ¶ 13 (citing BrowserGate, *LinkedIn Is Illegally Searching Your Computer*, https://browsergate.eu/).

Accordingly, Exhibits 2–8 are properly the subject of judicial notice.

**C. Judicial Notice of Foreign Court Decision (Exhibit 9)**

Exhibit 9 consists of the German judgment and a certified translation of March 11, 2026 preliminary Judgment of the Regional Court of Munich I (37 O 104/26) in the proceedings between Teamfluence OU and Liebling (Plaintiffs) and LinkedIn Ireland Unlimited Company and LinkedIn Germany GmbH (Respondents).[1] "[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Courts in this Circuit have concluded that foreign court documents are properly the subject of judicial notice. *See Color Switch LLC v. Fortafy Games DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019) (granting request for judicial notice of Court of Dubai records and trademark registration in support of motion to dismiss); *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 n.3 (C.D. Cal. July 27, 2016) (taking judicial notice of Egyptian pleadings and court orders); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (taking judicial notice of court documents filed in Switzerland).

[1] The decision is on appeal.

The German court decision is a public record of a foreign judicial tribunal and is not subject to reasonable dispute as to its authenticity. LinkedIn's exhibit includes both the original German and a certified English translation of the decision. *See Luxpro Corp. v. Apple Inc.*, 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011) (taking judicial notice of Taiwanese and German court orders accompanied by certified English translations). Accordingly, Exhibit 9 is a proper subject of judicial notice.

## III. CONCLUSION

For the foregoing reasons, LinkedIn respectfully requests that the Court grant LinkedIn's Request for Incorporation by Reference and/or Judicial Notice of Exhibits 1–9, attached to the Declaration of Natalie Peelish, under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in connection with LinkedIn's concurrently filed Motion to Dismiss.

Dated: June 30, 2026

COOLEY LLP

By: */s/ Simona Agnolucci*
Simona Agnolucci
Eduardo Santacana
Natalie Peelish *(Appearance Pro Hac Vice)*

Attorneys for Defendant
LINKEDIN CORPORATION

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 30, 2026

By: */s/ Eduardo Santacana*
Eduardo Santacana

Attorney for Defendant
LINKEDIN CORPORATION